IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Case No. 6:20-cv-04023-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Maree Blackston; Barry C. Blackston; Barry C. Blackston d/b/a Greenville Internal Medicine; GIM Barry Blackston, MD, PA; Greenville County Office of the Tax Collector; SC Department of Employment and Workforce; Cryptomaria, LLC, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiff's Motion for Summary Judgment. ECF No. 53. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report"). On October 13, 2021, the Magistrate Judge issued a Report recommending that Plaintiff's Motion be construed as a Motion for Default Judgment against Cryptomaria, LLC ("Cryptomaria") and GIM Barry Blackston, MD, PA ("GIM") and for Summary Judgment against the remaining Defendants, that the Motion be granted, that the unpaid federal tax liabilities of Barry C. Blackston d/b/a Greenville Internal Medicine ("Greenville Internal Medicine") and Maree Blackston ("Maree") be reduced to judgment, that a permanent injunction be entered against Barry C. Blackston ("Barry") and GIM barring them from failing to file and pay

employment and unemployment taxes, and that the Court declare that Plaintiff's liens are enforceable and that proceeds from any sale of the Subject Property[1] shall be distributed according to the stipulated priority. ECF No. 83. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. No party has filed objections, and the time to do so has lapsed.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

---

[1] The Subject Property is described in the Report, ECF No. 83 at 4 n.4, and that description is incorporated into this Order.

The Report contains a more thorough recitation of facts, which the Court incorporates by reference. Briefly, Plaintiff seeks relief relating to failures of certain Defendants to meet their federal tax obligations. ECF No. 1. Plaintiff filed the instant action against Maree and Barry (collectively, "the Blackstons"), Greenville Internal Medicine, GIM, the Greenville County Office of the Tax Collector ("GCOTC"), the South Carolina Department of Employment and Workforce ("SCDEW"), and Cryptomaria.[2] *Id.* In Count One, Plaintiff seeks a monetary judgment against Greenville Internal Medicine for its outstanding federal employment taxes, together with penalties and interest. *Id*. ¶¶ 24–28. In Count Two, Plaintiff seeks injunctive relief against Barry and GIM. *Id*. ¶¶ 29–42. In Count Three, Plaintiff requests a monetary judgment against Maree for her outstanding tax liability, including assessed and accrued late-filing and failure-to-pay penalties under 26 U.S.C. § 6651, costs, and statutory interest, after applying any abatements, payments, and credits. *Id*. ¶¶ 43–50. Finally, in Count Four, Plaintiff requests a declaratory judgment that would confirm the validity of a federal tax lien and its enforceability against the Subject Property. *Id*. ¶¶ 51–55.

---

[2] GCOTC is a department of the County of Greenville, South Carolina, and is named as a Defendant on the basis that it may claim an interest in the real property at issue by virtue of outstanding real property taxes owed by the Blackstons for 2017. ECF No. 1 at 4 ¶ 13. SCDEW is a department of the State of South Carolina and is named as a Defendant on the basis that it may claim an interest in the real property at issue by virtue of judgments obtained from the Greenville County 13th Circuit Court in Case Numbers 2015CP2303633, 2017CP2307496, and 2018CP2301697. *Id*. ¶ 14. Cryptomaria is a South Carolina corporation named as a Defendant on the basis that it may claim an interest in the real property by virtue of a judgment obtained from the Greenville County 13th Circuit Court in Case Number 2015CP2306694. *Id*. ¶ 15.

The Blackstons filed an Answer on February 2, 2021.  ECF No. 20.  On March 9, 2021, the Clerk entered default against GIM.  ECF No. 33.  Accordingly, the facts alleged in the Complaint are deemed admitted as against GIM.  *See* Fed. R. Civ. P. 8(b)(6).  On May 11, 2021, the United States served its First Set of Request for Admissions to the Blackstons.  ECF No. 53-2 at 3–6, 8–11.  Because neither of the Blackstons responded to the requests within 30 days of service, ECF No. 53-2 at 1–2, the facts in the requests are deemed admitted.  Fed. R. Civ. P. 36(a)(3).  The facts in the request served on Barry are also deemed admitted as to Greenville Internal Medicine. *See*, *e.g.*, *Auto-Owners Ins. Co. v. Rhodes*, 748 S.E.2d 781, 789 (S.C. 2013) ("The fact that [the insured] operated his business under another name did not create a separate legal entity for insurance purposes.").

***Count One***

As explained in more detail by the Magistrate Judge, Plaintiff has provided Forms 4340, otherwise known as a "Certificate of Assessments, Payments and Other Specified Matters," demonstrating that the relevant assessments were made and they remain unpaid.  ECF Nos. 53, 83.  Here, the record reflects that a delegate of the Secretary of the Treasury assessed federal employment and unemployment tax liabilities against Barry.  Forms 4340 can be rebutted only by a showing that the assessments are arbitrary and without foundation.  *United States v. Grant*, No. 1:12-cv-00042-JMC, 2013 WL 3229684, at *2 (D.S.C. June 25, 2013).  Because Barry has not forecasted evidence to make that showing, there are no genuine disputes of material fact.  Accordingly, summary judgment is granted against Greenville Internal Medicine as to Count One and Plaintiff is

4

awarded judgment in the amount of $1,210,339.23 as of July 8, 2021, plus interest and statutory additions that accrue afterwards. ECF Nos. 53-3 ¶ 12; *id.* at 9.

***Count Two***

Count Two pertains to injunctive relief. As explained in more detail by the Magistrate Judge, under § 7402(a) of the Internal Revenue Code, district courts enjoy broad authority to issue injunctions "as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). However, "[c]ourts are split as to the standard for granting an injunction pursuant to § 7402(a)." *United States v. Palmetto Precast Inc.*, No. 3:19-cv-03098-JMC, 2021 WL 3758058, at *2 (D.S.C. Aug. 25, 2021). "The Fourth Circuit has not determined whether the United States must show only that an injunction is 'necessary or appropriate' to enforce the internal revenue laws or whether the 'decision to issue an injunction under § 7402(a) is governed by the traditional factors shaping the district court's use of the equitable remedy.'" *Id.* Under the traditional factors, injunctive relief is appropriate when a plaintiff shows "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Legend Night Club v. Miller*, 637 F.3d 291, 297 (4th Cir. 2011) (internal quotation marks omitted).

The Court has thoroughly reviewed the Magistrate Judge's discussion of the four factors articulated above and adopts and incorporates her discussion of those factors into this Order and concludes that an order of permanent injunction is appropriate under even

5

the more stringent traditional standard. Therefore, Barry and GIM are permanently enjoined from failing to file and pay employment and unemployment taxes.

***Count Three***

A delegate of the Secretary of the Treasury assessed federal income taxes for the 2007 tax year against Maree. ECF No. 53-2 at 4 ¶¶ 6–8. Maree could rebut the Form 4340 demonstrating the assessments only by showing that the assessments are arbitrary and without foundation. *Grant*, 2013 WL 3229684, at *2. However, she has not forecasted any such evidence. Accordingly, Plaintiff's Motion for Summary Judgment is granted as to Count Three and judgment shall be entered against Maree in the amount of $772,388.98 as of July 8, 2021, plus interest and statutory additions accruing after that date. ECF No. 53-3 ¶ 14.

***Count Four***

According to federal law, in light of the Blackstons' failure to satisfy the assessments after notice and demand for payment, federal tax liens arose on the dates of the assessments and attached to all of their property and rights to property, including the Subject Property. Having joined all persons having liens upon or claiming any interest in the Subject Property, Plaintiff is entitled to enforce its federal tax liens. However, because of the COVID-19 pandemic, Plaintiff seeks only a declaratory judgment that the liens are enforceable. ECF No. 53-1 at 18. Because the other parties claiming an interest in the Subject Property have stipulated as to the priority of their respective interests in the

6

Subject Property, ECF No. 44,[3] there is no further issue for the Court to decide regarding the liens' enforceability.[4] Accordingly, Plaintiff's Motion for Summary Judgment is granted

---

[3] The Court notes that Cryptomaria, despite being properly served with the Complaint, has failed to appear in this action or otherwise assert an interest in the Subject Property, and on April 2, 2021, the Clerk entered default against Cryptomaria. ECF No. 42. For this reason, the Court construes Plaintiff's Motion as one for default judgment pursuant to Federal Rule of Civil Procedure 55(b) as against Cryptomaria and GIM, against which the Clerk has also entered default. *See Bank of Camden v. Hooker*, No. 8:14-cv-01050-JMC, 2014 WL 4129579, at *1 n.1 (D.S.C. Aug. 19, 2014). "A defendant's failure to assert an interest where a . . . complaint alleges that a defendant may have an interest . . . justifies a judgment extinguishing that interest." *United States v. Jackson*, No. 1:12cv1075 (LMB/IDD), 2013 WL 6989404, at *6 (E.D. Va. Aug. 5, 2013), *Report adopted by* 2013 WL 6073515 (E.D. Va. Nov. 18, 2013). Accordingly, Plaintiff is entitled to judgment against Cryptomaria.

[4] In the event the Subject Property is sold, the net sales proceeds shall be applied first to GCOTC for property taxes for 2019, 2020, and 2021. ECF No. 44 ¶ 7. The property taxes for 2019 and 2020 are in the amount of $4,263.20 and $4,261.19, respectively. *Id.* The property is also subject to a lien for the 2021 property taxes; however, those taxes are not yet due and payable. *Id.*

In the event there are excess proceeds after the debt to GCOTC described in the previous paragraph is fully satisfied, the excess shall be applied next to SCDEW for its judgment obtained against Barry and Greenville Internal Medicine from the Greenville County 13th Circuit Court Case No. 2015CP2303633. *Id.* ¶ 8.

In the event there are excess proceeds after the SCDEW debt described in the previous paragraph is fully satisfied, the excess shall be applied next to Plaintiff for Maree's outstanding federal income tax liabilities for 2007, Greenville Internal Medicine's outstanding federal unemployment taxes for 2003 through 2015, and Greenville Internal Medicine's outstanding federal employment taxes for the tax periods ending March 31, 2002, through March 31, 2003, and September 30, 2003, through March 31, 2017. *Id.* ¶ 9.

In the event there are excess proceeds after the debts to Plaintiff described in the previous paragraph are fully satisfied, the excess shall be applied next to SCDEW for its judgments obtained against Barry and Greenville Internal Medicine from the Greenville County 13th Circuit Court in Case Nos. 2017CP2307496 and 2018CP2301697. *Id.* ¶ 10.

In the event there are excess proceeds after the debt to SCDEW described in the previous paragraph is fully satisfied, the excess shall be applied next to Cryptomaria for

as to Count Four and the proceeds from any sale of the Subject Property shall be distributed according to the stipulated priority.

## CONCLUSION

Wherefore, based upon the foregoing, the Court adopts the recommendation of the Magistrate Judge. Plaintiff's Motion for Summary Judgment [53] is construed as a Motion for Default Judgment against Cryptomaria and GIM and for Summary Judgment against the remaining Defendants; the Motion is **GRANTED**; the unpaid federal tax liabilities of Greenville Internal Medicine and Maree are reduced to judgment; a permanent injunction is entered against Barry and GIM barring them from failing to file and pay employment and unemployment taxes; and the Court declares that Plaintiff's liens are enforceable and that proceeds from any sale of the Subject Property shall be distributed according to the stipulated priority.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>
United States District Judge

January 19, 2022
Spartanburg, South Carolina

---

its judgment obtained from the Greenville County 13th Circuit Court in Case No. 2015CP2306694. *Id.* ¶ 11.