IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | C.A. No. 6:20-cv-04023-DCC-KFM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Maree Blacktson, Barry C. Blackston, ) | |
| Barry C. Blackston d/b/a Greenville ) | |
| Internal Medicine, GIM Barry ) | |
| Blackston, MD, PA, Greenville ) | |
| County, Office of the Tax Collector, ) | |
| SC Department of Employment ) | |
| and Workforce, and Cryptomaria, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on the Government's Motion for Order to Show Cause. ECF No. 150. On May 6, 2024, the Court entered a Text Order granting in part and denying in part the Government's Motion and directing Defendant Barry C. Blackston ("Defendant Blackston") to provide proof of (1) payment of Defendant Barry C. Blackston's d/b/a Greenville Internal Medicine ("Defendant GIM") delinquent employment tax payments for the fourth quarter of 2023 and first quarter of 2024, (2) submissions of Defendant GIM's delinquent Form 941 for the fourth quarter of 2023, and (3) payment sufficient to cover the impending penalty assessments by June 5, 2024. To date, Defendant Blackston has not complied with the Court's Order. For the reasons set forth below, the Government's Motion is granted insofar as it requests that Defendant GIM be closed until all deficiencies are rectified.

This case arises from Defendant Blackston and Defendant GIM's failure to pay

taxes to the Internal Revenue Service ("IRS").  ECF No. 1 at 1.  On November 18, 2020, the Government filed a Complaint seeking both monetary judgments and injunctive relief.  *Id.* at 7–14.  In Count One, the Government sought a monetary judgment against Defendant GIM for its outstanding federal employment taxes, together with penalties and interest.  *Id.* at 7–8.  In Count Two, the Government sought injunctive relief against Defendants Blackston and GIM.  *Id.* at 8–10.  In Count Three, the Government requested a monetary judgment against Defendant Maree Blackston for her outstanding tax liability, including assessed and accrued late-filing and failure-to-pay penalties under § 26 U.S.C. 6651, costs, and statutory interest, after applying any abatements, payments, and credits.  *Id.* at 11–12.  Finally, in Count Four, the Government requested a declaratory judgment that would confirm the validity of a federal tax lien and its enforceability against the Subject Property.  *Id.* at 11–14.

On January 19, 2022, the Court entered an Order that adopted the Report and Recommendation of the Magistrate Judge that the Government's Motion for Summary Judgment be construed as a motion for default judgment against Defendants Cryptomaria, LLC and GIM and for summary judgment against all other Defendants.  ECF No. 87.  Per the Order, the unpaid federal tax liabilities of Defendant GIM were reduced to judgment, a permanent Injunction was entered against Defendants Blackston and GIM barring them from failing to file and pay employment and unemployment taxes, and a declaration was made that the Government's liens are enforceable and that proceeds from any sale of Subject Property were to be distributed according to the stipulated priority.  *Id*.  On September 29, 2022, the Government filed a Motion for Order to Show Cause as to why the Court should not hold Defendants in contempt for their failure to

comply with the January 19, 2022, Order.  ECF No. 92 at 1.  On November 28, 2022, the Court held a hearing on the Government's September 29, 2022, Motion, during which the Court held Defendant Blackston in contempt and ordered him to pay the Government's reasonable fees and costs and to rectify deficiencies by January 2, 2023.  ECF No. 96.  On January 6, 2023, the Government filed a Notice of Noncompliance, and the Court issued a Text Order to Show Cause on January 11, 2023.  ECF Nos. 107, 108. The Court held a hearing on February 2, 2023, during which the Court imposed a deadline of March 6, 2023, for Defendant Blackston to provide all requested financial information relevant to his business and establish a reasonable payment plan with the tax authorities.  ECF No. 111.  The Government filed a Supplemental Status Report on March 20, 2023, which stated that Defendant Blackston had still not provided financial information for either himself or Defendant GIM as previously directed nor submitted required forms.  ECF No. 114 at 1.  On March 30, 2023, the Court held an evidentiary hearing, during which the Court directed Defendant Blackston to provide all remaining documentation by April 14, 2023, and a letter by a certified public accountant ("CPA") that he had been retained to assist Defendant Blackston, by April 20, 2023, and directed the Government to file a status report by April 14, 2023.  ECF No. 118.  The Court further directed the parties to file a joint status report by May 22, 2023.  *Id*.  The Government filed a Status Report on April 14, 2023, that notified the Court of Defendant Blackston's noncompliance with the Court's rulings during the March 30, 2023, hearing.  ECF No. 122 at 1.  On May 22, 2023, the parties filed a Joint Status Report in which the parties stated that Defendant Blackston had retained a CPA, submitted Forms 941 on behalf of Defendant GIM for all quarters of 2021, the fourth quarter of 2022, and the first quarter of 2023, and remitted payment for

payment of taxes, fees, and costs for the fourth quarter of 2022 and had, at that point, been compliant with payments for 2023. ECF No. 123 at 1–2. In addition, Defendant Blackston agreed to voluntary market and sell his home and apply the net proceeds of any sale towards the tax debt Defendant GIM owed. *Id.* at 2.

Thereafter, the case was referred to former United States Magistrate Judge Jacquelyn D. Austin for further monitoring. ECF No. 124. Judge Austin entered a Text Order on June 6, 2023, directing the parties to submit a joint status report by June 30, 2023, and every 60 days thereafter. ECF No. 127. On January 16, 2024, Judge Austin entered a Text Order requiring Defendant Blackston to comply with the terms of the Injunction entered on January 19, 2022, to confirm payment of outstanding taxes and penalties for the fourth quarter of 2023 by January 31, 2024, and to provide a report of his efforts to sell his home by April 1, 2024. ECF No. 137. Judge Austin entered another Text Order on January 16, 2024, directing the parties to submit a joint status report by April 1, 2024. ECF No. 138. The case was reassigned to United States Magistrate Judge Kevin F. McDonald on February 14, 2024. ECF No. 142. Judge McDonald entered a Text Order on February 16, 2024, directing the parties to provide a joint status report by February 23, 2024. ECF No. 145. The Government filed the present Motion for Order to Show Cause on March 4, 2024, and the Court held a hearing on May 6, 2024, during which the Court directed Defendant Blackston to comply in the manner as noted above. ECF Nos. 150, 160, 161. Accordingly, this matter is ripe for review.

## **APPLICABLE LAW**

"[A] district court has the inherent authority to hold parties in civil contempt." *Rainbow Sch., Inc. v. Rainbow Early Educ. Holding LLC*, 887 F.3d 610, 617 (4th Cir.

2018) (citations omitted). Civil contempt requires that there be clear and convincing evidence of the following elements:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's "favor"; (3) that the alleged contemnor violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that the movant suffered harm as a result.

*Id.* (quoting *United States v. Ali*, 874 F.3d 825, 831 (4th Cir. 2017).

## DISCUSSION

In its March 4, 2024, Motion for Order to Show Cause, the Government requested that Defendant Blackston file with the Court:

> (1) payment for [Defendant] GIM's delinquent employment tax payments for the fourth quarter of 2023 and first quarter of 2024, (2) . . . [Defendant] GIM's delinquent Form 941 for the fourth quarter of 2023, and (3) payment sufficient to cover the impending penalty assessments, or otherwise show good cause as to why he should not be held in contempt for violating the Injunction.

ECF No. 150 at 2–3. The Government further requested that if Defendant Blackston failed to comply with the relief sought, he be found in civil contempt and the Court "order the closure of his business until he files such proof of compliance as a sanction." *Id.* at 3. The Court entered a Text Order on May 6, 2024, granting in part the relief sought in that the Court directed Defendant Blackston to make payments, file Form 941, and provide payment sufficient to cover penalty assessments. ECF No. 161. The Court declined to order the closure of Defendant Blackston's business at that time but stated that "if [he] fails provide any required payments or documents [by June 5, 2024], the Court orders [his] business to be closed until all deficiencies are rectified." *Id.*

5

On June 5, 2024, the Government filed a Status Report, in which it reported to the Court that Defendant Blackston failed to comply with the Court's May 6, 2024, Text Order. ECF No. 164 at 1–2. While Defendant Blackston submitted two payments to the IRS, "which the IRS applied to the fourth quarter of 2023[,]" he did not submit any additional payment for the first quarter or deposit for the second quarter of 2024, nor file Form 941 as directed. *Id.* at 2. Defendant Blackston has an extensive history of noncompliance in the present case, and the Court exercises its discretion to hold Defendant Blackston in civil contempt and order the closure of Defendant GIM until he fully complies with the May 6, 2024, Text Order. The Court is aware of the effect such closure may have on patients of Defendant Blackston's business and, as a result, stays this Order for 30 days to provide time for the patients to arrange for medical treatment elsewhere. Accordingly, the Court grants the Government's Motion for Order to Show Cause as it relates to the closure of Defendant GIM until all remaining deficiencies are rectified to take effect on July 17, 2024.

## CONCLUSION

For the reasons set forth above, the Government's Motion for Order to Show Cause [150] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 17, 2024
Spartanburg, South Carolina